IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KENYATTA KINTZ HUTTON, #70750**                                                       **PLAINTIFF**

**V.**                                                            **Civil Action No.: 3:10cv251-MTP**

**CHRISTOPHER B. EPPS**                                                                  **DEFENDANT**

## ORDER

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).[1] Having reviewed the complaint and the applicable law, and having considered Plaintiff's testimony given at his *Spears*[2] hearing, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff Kenyatta Kintz Hutton appeared *pro se* and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 11, 2011. In his Complaint [1]

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)      is frivolous or malicious;
> (ii)     fails to state a claim on which relief may be granted; or
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on May 5, 2011.

1

filed on May 3, 2010, Plaintiff sought injunctive relief, namely a transfer to another facility. Plaintiff sought appropriate administrative remedy and asked for a transfer, which was denied by the MDOC. Subsequent filings by Plaintiff alleged that he was being retaliated against by correctional officers for filing the instant suit and alleged poor prison conditions in violation of the Eight Amendment, all of which he claimed entitled him to injunctive relief, namely a transfer. *See* Motions [7][9]. As clarified by his sworn testimony given during his *Spears* hearing, Plaintiff testified that prison conditions have improved and that now he seeks a transfer to the South Mississippi Correctional Institution based on his desire to further his education. Plaintiff asks the court to order the MDOC to transfer him to another facility. *See* Omnibus Order [34]. Plaintiff is currently incarcerated at the East Mississippi Correctional Facility.

The Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

A prisoner does not have a constitutional right to educational or vocational training. *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Esparza v. Deputy*, 20 F.3d 469, 1994 WL 122158, at *1 (5th Cir. 1994) (affirming dismissal of prisoner's claim that he was denied access to participate in rehabilitation program as frivolous, reasoning that "[a] state has no constitutional obligation to provide educational or vocational programs for prisoners").

2

Moreover, a prisoner does not enjoy a constitutional right to be incarcerated in a particular prison or facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002). Finally, Plaintiff's allegation that Defendant Christopher Epps failed to follow MDOC policies and procedures regarding his transfer request does not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007). Accordingly, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and his complaint will be dismissed as frivolous and for failure to state a claim, with prejudice.

    IT IS, THEREFORE, ORDERED:

1. This action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Since this case is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), it will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

    SO ORDERED AND ADJUDGED this the 12th day of July, 2011.

                                               s/ Michael T. Parker
                                               United States Magistrate Judge